UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY DURR,

       Petitioner,

                              Case No. 14-cv-10968

v.

                              HON. MARK A. GOLDSMITH

RANDALL HAAS,

       Respondent.
_____/

**OPINION AND ORDER
(1) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 1); (2)
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY; AND (3) GRANTING
LEAVE TO APPEAL IN FORMA PAUPERIS**

**I. INTRODUCTION**

Petitioner Terry Durr, confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), challenging his convictions for assault with intent to murder, Mich. Comp. Laws § 750.83; and felony firearm, Mich. Comp. Laws § 750.227b(a). For the reasons explained below, the Court denies the petition for writ of habeas corpus.

**II. BACKGROUND**

Petitioner's convictions arise from a shooting that occurred at 7737 Kercheval, in the City of Detroit. At his plea hearing, Petitioner stated that he fired several gunshots at Kyland Terrell Carson. In response to the trial judge's questions, Petitioner admitted he did so with the intent to kill Carson. Petitioner further stated that he did so because Carson was assaulting him and his family members. The only detail presented regarding the claim that he was being assaulted was Petitioner's own statement that someone hit him with a stick before he fired his weapon.

Petitioner pleaded guilty in Wayne County Circuit Court to assault with intent to murder and felony firearm. He entered the plea pursuant to a plea agreement, providing that he would be sentenced to eight-to-20 years' imprisonment for the assault conviction, and two years' imprisonment for the felony-firearm conviction. On January 16, 2012, Petitioner was sentenced in accordance with the sentence agreement.

After sentencing, Petitioner filed a motion to set aside his guilty plea on the grounds that it was not understanding, voluntary, and accurate; that he had acted in self-defense; and that his trial counsel was ineffective. The trial court denied the motion. 7/13/2012 Motion Hr'g Tr. at 5-7 (Dkt. 8-4).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which the state court denied "for lack of merit in the grounds presented." People v. Durr, No. 311305 (Mich. Ct. App. Dec. 19, 2012) (Dkt. 8-5). The Michigan Supreme Court denied leave to appeal. People v. Durr, 830 N.W.2d 408 (Mich. 2013) (Dkt. 8-6).

Petitioner now seeks habeas relief on the following grounds:

  i. Petitioner was deprived of his Fifth and Fourteenth Amendment constitutional rights in the absence of sufficient proofs to support his guilty plea.

  ii. Petitioner was deprived of his Fifth and Fourteenth Amendment constitutional rights of due process and his Sixth Amendment constitutional right to effective assistance of counsel when counsel failed to investigate his case, failed to communicate with him to recognize that he had a self-defense claim.

Pet. at 5 (Dkt. 1).

### III. STANDARD OF REVIEW

2

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

The Supreme Court has explained that a "federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Thus, the AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010) (quotation marks and citations omitted). A

3

"state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quotation marks). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citation omitted). Furthermore, pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. Habeas relief is not appropriate unless each ground that supported the state-court's decision is examined and found to be unreasonable under the AEDPA. See Wetzel v. Lambert, 132 S. Ct. 1195, 1199 (2012).

"If this standard is difficult to meet, that is because it was meant to be." Harrington, 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. Id. Indeed, section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Id. (quotation marks omitted). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." Woodford v. Viscotti, 537 U.S. 19, 24 (2002). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state-court's rejection of his claim "was so lacking in justification that there was an error well understood and

4

comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 131 S. Ct. at 786-787.

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998).

### IV.  ANALYSIS

**A.  Factual Support for Guilty Plea**

In his first habeas claim, Petitioner argues that an insufficient factual basis supported his guilty plea. Specifically, he claims that he lacked the intent to kill.

This claim is not cognizable on habeas review. "'[T]here is no constitutional requirement that a trial judge inquire into the factual basis of a plea.'" Bonior v. Conerly, 416 F. App'x 475, 478 (6th Cir. 2010) (quoting Roddy v. Black, 516 F.2d 1380, 1385 (6th Cir. 1975)); see also Post v. Bradshaw, 621 F.3d 406, 427 (6th Cir. 2010). Thus, a state trial judge's failure to establish the factual basis of a plea does not serve as a basis for federal habeas corpus relief. Bonior, 416 F. App'x at 478.

**B.  Ineffective Assistance of Counsel Claim**

Petitioner's second habeas claim argues that his trial counsel was ineffective in failing to pursue the defense of self-defense. Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea are foreclosed by the plea. See United States v. Broce, 488 U.S. 563, 569 (1989); Tollett v. Henderson, 411 U.S. 258, 267 (1973). The United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise

5

> independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

Tollett, 411 U.S. at 267. Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before his plea. In such a case, the court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. See Broce, 488 U.S. at 569. The question, therefore, is whether counsel's ineffectiveness rendered Petitioner's plea unknowing, unintelligent or involuntary.

The standard for obtaining habeas corpus relief is "'difficult to meet.'" White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (quoting Metrish v. Lancaster, 133 S. Ct. 1781, 1786 (2013)). In the context of an ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668 (1984), the standard is "all the more difficult" because "[t]he standards created by Strickland and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so." Harrington, 562 U.S. at 105.

A violation of the Sixth Amendment right to effective assistance of counsel is established where an attorney's performance was deficient and the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. In guilty-plea cases, the "performance" prong requires showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. Hill v. Lockhart, 474 U.S. 52, 56-59 (1985). The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Id. at 59. The petitioner must show "a reasonable probability that, but for counsel's errors, he would not

have pleaded guilty and would have insisted on going to trial." Id.; see also Smith v. United States, 348 F.3d 545, 551-552 (6th Cir. 2003).

Petitioner fails to show that the trial court's decision that Petitioner's plea was knowingly and voluntarily entered was an unreasonable application of Strickland or Hill. Petitioner argues that counsel should have pursued the available defense of self-defense, but fails to identify specifically what counsel should have done to pursue this defense. He does not allege that he was unaware of the possibility of the defense of self-defense. He also does not allege that, had counsel's performance in this regard been different, he would not have pleaded guilty.

Further, Petitioner's self-defense theory was not necessarily a strong one. Under Michigan law, self-defense is available only if the defendant "honestly and reasonably believes that he is in imminent danger of death or great bodily harm and that it is necessary for him to exercise deadly force." People v. Riddle, 649 N.W.2d 30, 34 (Mich. 2002). Further, "an act committed in self-defense but with excessive force . . . does not meet the elements of lawful self-defense." People v. Heflin, 456 N.W.2d 10, 21 (Mich. 1990). Given that, according to Petitioner's own testimony that he responded to being hit with a stick by firing numerous gunshots, counsel could have reasonably concluded that a self-defense theory would not have been persuasive at trial. Accordingly, habeas relief is denied on this claim.

### C. Certificate of Appealability

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists

7

would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336-337. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition fails to state a claim upon which habeas relief may be granted. Therefore, the Court denies a certificate of appealability.

### D.  Leave to Proceed on Appeal In Forma Pauperis

Although the Court denies a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed in forma pauperis ("IFP") is a lower standard than the standard for certificates of appealability. Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing United States v. Youngblood, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. Id. at 764-765; 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F. Supp. 2d at 765. The Court concludes

that an appeal in this case could be taken in good faith. Therefore, the Court grants Petitioner permission to proceed IFP on appeal.

## V. CONCLUSION

For the reasons set forth above, the Court denies the petition for writ of habeas corpus (Dkt. 1), declines to issue a certificate of appealability, and grants leave to appeal in forma pauperis.

SO ORDERED.

Dated: October 26, 2015  s/Mark A. Goldsmith
 Detroit, Michigan  MARK A. GOLDSMITH
  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 26, 2015.

 s/Karri Sandusky
 Case Manager